UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY PARKER,

        Plaintiff,

v.

SHERMETA, ADAMS & VON ALLMEN,
P.C.,

        Defendant.

_____/

Case No. 13-15067

Honorable Nancy G. Edmunds

**ORDER GRANTING SHERMETA'S MOTION FOR SUMMARY JUDGMENT [14]
FILED ON AUGUST 1, 2014**

Plaintiff Perry Parker filed this action in which he alleges that Defendant, the law firm

of Shermeta, Adams, & Van Allmen, P.C. ("Shermeta"), violated various provisions of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Michigan

Collection Practice Act ("MCPA"), Mich. Comp. Laws. § 445.251, *et seq.*, and the Michigan

Occupational Code, Mich. Comp. Laws. § 339.901 *et seq.*[1] Currently before the Court is

Defendant's motion for summary judgment, seeking dismissal of all claims in this matter.

For the reasons set forth below, the Court GRANTS Defendant's motion.

**I.    FACTS**

Shermeta was retained by Ford Motor Credit Company, LLC to pursue collection of

a debt owed by Parker.  After filing a lawsuit in the 52-3 judicial district of Michigan,

Shermeta obtained a default judgment against Parker in the amount of $8,952.37.  Notably,

---

[1] The Plaintiff has since stipulated to the dismissal of his claims under the Michigan
Occupational Code. (Plf's Resp. 1).

the judgment states that "[t]he claim [was] based on a note or other written evidence . . . . [and] will earn interest at current statutory rates."  (Def's Mot. Ex. 1).  Nearly ten years later, on August 21, 2012, Shermeta filed an ex parte motion to renew the judgment, which the state court granted the following week.  On June 7, 2013, the state court entered a writ of garnishment for periodic payments against Parker, noting that the judgment, including costs, interest, and credits to date, had increased to $17,392. In August 2013, Shermeta began receiving bi-weekly payments from Parker's employer in satisfaction of the judgment.

A little over a month later, Parker filed a motion with the state court requesting installment payments, acknowledging that the "approximate balance due on [the] judgment" was $16,000. (Def's Mot. Ex. 4).  The court granted Parker's motion and instituted a payment schedule calling for $150 every two weeks starting November 8, 2013. In light of the court's decision, Defendant admits that the writ of garnishment "was suspended as of October 31, 2013, the date of the order" and that it "would [only] be entitled to . . . [garnished] funds withheld before that date . . . ."  (Def's Mot. 7).

The following week, Shermeta sent a letter to Parker reciting the payment terms contained in the court's order, noting that his account balance was $15,734.  According to Parker, this letter–which allegedly inflated his balance over $2,000–was the first of Shermeta's many missteps in handling his account. In addition to Shermeta's allegedly inaccurate reporting, Plaintiff has produced evidence suggesting that his employer garnished his wages on November 11, November 25, and December 9, each time in the amount of $431.  While it's unclear when these funds were withheld, there is seemingly no dispute that each draw took place after the court's October 31 order.  According to Shermeta, despite the fact that it issued a partial refund to Parker on December 16, it was

2

under no obligation to do so "because the funds were garnished and withheld prior to the entry of the [i]installment [o]rder". (Def's Resp. 8).

Finally, on December 9, Parker tendered his first payment under the installment plan in the amount of $150.  Shermeta sent Parker a letter acknowledging receipt of his payment, indicating that his account balance was now $15,381. Once again, Parker contends that this letter misstated his balance to the tune of $2,000.  On December 16, 2013, Parker filed this lawsuit, arguing that Shermeta violated the FDCPA and MCPA by (1) improperly garnishing his paycheck, (2) misstating his account balance on multiple occasions, and (3) continuing to withhold funds received in violation of the state court's October 31 order.  Shermeta now seeks summary judgment in its favor on all of Parker's federal and state law claims.

## II.   Summary Judgment Standard

The Sixth Circuit employs the familiar standard for summary judgment, namely, that summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When considering the material facts on the record, a court must bear in mind that

3

"[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Moreover, "[i]n order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) (citing and quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

## III.  Analysis

Parker alleges that Shermeta violated two provisions of the FDCPA and one provision of the MCPA based on both the collection methods employed by Shermeta and the contents of its verbal and written communications related thereto.  "MCPA claims which 'simply duplicate . . .  claims under the FDCPA' need not be addressed separately.'" *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 967 (E.D. Mich. 2012) (citations omitted). The Court thus considers each of Parker's claims under the FDCPA framework.

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). The FDCPA broadly prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct, from using false, deceptive, and misleading representations, and from collecting debts through unfair or unconscionable means.  *See* 15 U.S.C. §§ 1692d, 1692e, 1692f.

4

According to the Sixth Circuit, FDCPA violations should be analyzed under a "least sophisticated consumer" standard. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir.1992).  As applied, this standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  *Smith v. Compute Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir.1999) (citation omitted).

## A.  Misrepresentation- 15 U.S.C. § 1692e(2)(A)

Parker argues that Shermeta misrepresented his account balance in the letters it sent on November 6, and December 10, 2013, and during the parties' December 2, 2013 telephone conversation.  Shermeta, for its part, fails to directly respond to this allegation, and focuses instead on the amount of the judgment as reflected in the state court's order and its right to assess interest charges.  In either case, the crux of this layer of the dispute turns on (1) whether the post-judgment interest rate is determined by contract or statute, and (2) the accuracy of Shermeta's representations concerning Parker's account balance.

Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). At issue here is the post-judgment interest rate applicable to an unsecured debt based on a written instrument. According to Mich. Comp. Laws. § 600.6013(7):

> if a judgment is rendered on a written instrument evidencing indebtedness with a specified interest rate, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. If the rate in the written instrument is a variable rate, interest shall be fixed *at the rate in effect under the instrument* at the time the complaint is filed. The rate under this subsection shall not exceed 13% per year compounded annually. (emphasis added).

While Parker concedes that the judgment was based on a retail installment contract, he

5

suggests that because the note was not filed for cancellation with the state court, Shermeta was only entitled to statutory interest- not the contractual rate it applied to his account. The Court is unable to find, and Parker has not provided, any authority in support of this proposition; namely, that § 600.6013(7) only applies where the note at issue is filed for cancellation. Moreover, "an award of interest is mandatory in all cases to which [600.6013] applies." *Everett v. Nickola*, 599 N.W.2d 732, 735 (Mich. Ct. App. 1999).

Here, Parker has failed to support the very premise upon which his misrepresentation argument depends. Indeed, notwithstanding the "judgment interest calculation" spreadsheet attached to Parker's response–which the Court can only assume represents an amortization schedule based on statutory interest–there is nothing in the record to suggest that Shermeta acted improperly by assessing the higher contractual rate of interest to his account. In fact, Michigan law expressly permits such action where, as here, the judgement is rendered on a "written instrument evidencing indebtedness with a specified interest rate . . . ." Mich. Comp. Laws. § 600.6013(7). As such, the Court is left with no basis upon which to question the accuracy of the account balance communicated to Parker and must, therefore, grant Shermeta's motion for summary judgment in this regard.

### B. Unfair Collection Practices- 15 U.S.C. § 1692f

In Parker's final FDCPA claim, he alleges that Shermeta violated § 1692f by improperly withholding funds garnished after the state court's order permitting installment payments went into effect. Shermeta acknowledges that, as of October 31, 2013, the writ of garnishment was suspended, but argues that Parker "has not provided any evidence to show that . . . funds were withheld after [that date]". (Def's Mot. 13). The Court agrees.

Under § 1692f, it is a violation of the FDCPA to collect any amount not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). On October 31, 2013, the state court granted Parker's motion for installment payments, effectively suspending the writ of garnishment. Nonetheless, Parker maintains that, between November 8-December 6, 2013, approximately $1,294 was withheld from his bi-weekly earnings and remitted to Shermeta. (Plf's Resp. Parker Aff. ¶ 3-7; Ex. D). The only evidence tendered in support of this fact is Parker's affidavit, which baldly asserts that the garnishments persisted for some time after October 31.

The Court finds Parker's affidavit to be insufficient to create a genuine issue of material fact with respect to Shermeta's liability under § 1692f. Indeed, even assuming, *arguendo*, that funds were withheld from Parker's check after October 31, there is nothing in the record to suggest that Shermeta had any role in the execution of the garnishments at this juncture- let alone the power to control the actions of a third-party garnishee. In fact, on December 6, 2013, Shermeta issued a refund to Parker in the amount of $562.85 and credited another $300 to his existing balance. (Def.'s Mot. 14). If anything, this supports the notion that Shermeta was taking affirmative steps to comply with the state court's order and, by extension, its obligations under the FDCPA. Without any evidence establishing the precise course of dealing between Shermeta and Parker's employer, the Court is unable to conclude that "there are any genuine factual issues that properly can be resolved only by a finder of fact[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). As such, the Court must, and does, grant Shermeta's motion for summary judgment on this claim.

### III.   CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Shermeta's motion for

summary judgment.

     SO ORDERED.

           S/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated:  October 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2014, by electronic and/or ordinary mail.

           S/Carol J. Bethel
           Case Manager